IN UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| INGRID ANDERS,<br><br>    Plaintiff,<br><br>  vs.<br><br>RICHARD V. SPENCER, SECRETARY OF THE NAVY,<br><br>    Defendant. | **COMPLAINT**<br><br>**(Jury Trial Requested)** |

The Plaintiff, INGRID ANDERS, by and through her undersigned attorney hereby makes the following claims and allegations:

### I. JURISDICTION AND VENUE

1.1  The Plaintiff timely filed charges of discrimination with the EEO, alleging violations of the Rehabilitation act of 1973, 29 U.S.C. § 701 et seq..

1.2  The Plaintiff has exhausted administrative remedies as to all claims raised in the amended complaint, as required, has now opted to pursue this case in the U.S. District Court.

1.3  The Plaintiff received The Final Agency decisions regarding the allegations made in the Complaint on February 21, 2019.

1.4  This Complaint was filed within 90 days of Plaintiff's receipt of the Final Agency Decision and right to sue.

1.5  All parties and subject matter herein mentioned are within the jurisdiction of this

AMENDED COMPLAINT - 1

GSJones Law Group, P.S.
1155 Bethel Ave.
Port Orchard, WA 98366
360-876-9221

Honorable Court.

## II. STATUS OF PLAINTIFF

2.1  The Plaintiff, Ingrid Anders, has resided in the County of Kitsap at all times material to this Complaint.

2.2  The Plaintiff suffers from a permanent medical condition which includes fibromyalgia, upper extremity Neuralgia, left shoulder instability, lift hip labral injury and thoracic outlet syndrome which affects her right arm and hand.

2.3  Plaintiff's permanent medical condition substantially limits her in one or more major life activities by affecting her ability to use her hands and arms and limiting her tolerance for sitting or standing for significant periods of time.

2.4  With reasonable accommodations, such as basic adaptive software technology and ergonomic devices or configuration of her work space, Plaintiff can perform the essential functions of her job.

2.5  Plaintiff is a qualified individual with a disability, as defined under the Rehabilitation Act of 1973.

## III. STATUS OF DEFENDANT

3.1  The Defendant is a Federal Agency and is an employer within the scope of the definition of employer under the Rehabilitation Act of 1973, and is subject to the requirements and prohibitions of the act.

3.2  At the times referenced in this complaint, Defendant was Plaintiff's employer.

3.3  As of the commencement of this action, Plaintiff is an employee of the Defendant.

## IV. FACTS

4.1  Sections I, II, and III are hereby incorporated, verbatim.

4.2  Plaintiff has been and is employed by the Defendant as a contract specialist.

4.3  In 2010, Plaintiff was in a motor vehicle accident and suffered severe injuries, which worsened and exacerbated her fibromyalgia condition to the point where she was substantially limited in her ability to use her arms and hands, and was limited in her ability to sit or stand consistently without suffering severe pain.

4.4  In 2012, Plaintiff initiated the Defendant's reasonable accommodation process, seeking an accommodation for her disability.

4.5  Defendant created a bureaucratic process which it applies to reasonable accommodation requests. The process is set forth in a manual called the CHRM or Civilian Human Resources Manual.

4.6  After Plaintiff initiated the Defendant's reasonable accommodation process, the defendant determined that the Plaintiff was qualified for protection under the Rehabilitation Act as a qualified individual with a disability.

4.7  Defendant then engaged with Plaintiff in an effort to determine what accommodations Plaintiff would need in order to be able to perform the essential functions of her job.

4.8  Plaintiff and Defendant were successful in determining a set of accommodations that would allow Plaintiff to perform her job with her disability and, in 2012, put the list of reasonable accommodations in writing as part of the Defendant's reasonable accommodation process.

4.9  Plaintiff worked with a supervisor named Ms. Mitchell starting in 2011.

4.10  As she was being treated for injuries from the 2010 auto accident, Plaintiff had made a request for leave under the Family Medical Leave Act, which was granted on an intermittent basis by the Defendant.

4.11  Plaintiff's supervisors, Mitchell and Carlson, threatened to terminate Plaintiff because she

was using approved FMLA leave as an accommodation.

4.12 Ms. Mitchell and Ms. Carlson created a hostile work environment for Plaintiff based on their negative reaction to Plaintiff's need to use approved leave as a result of her disabilities.

4.13 Plaintiff went to Ms. Mitchell and asked her to intervene and stop Ms. Carlson from continuing to subject Plaintiff to a hostile work environment. Plaintiff told Ms. Mitchell that she was prepared to file a complaint of discrimination with the Defendant's EEO office.

4.14 Ms. Mitchell re-assigned Plaintiff so she did not work under Ms. Carlson, but continued to interfere with Plaintiff's attempts to use approved FMLA leave and blocked Plaintiff's attempts to obtain professional certification that she needed to perform her job in retaliation for Plaintiff's objections to the unlawful harassment.

4.15 In 2014, Defendant transferred Plaintiff to work under a supervisor named Ms. Pratt.

4.16 Plaintiff's supervisor, Ms. Pratt, engaged in a pattern of harassment against the Plaintiff based on Plaintiff's disability and her need for reasonable accommodation. The harassment reached the level of a hostile work environment and included verbal insults, such as calling Plaintiff a "whiner" and, when Plaintiff brought up reasonable accommodations, saying "You're whining about your disability" while rolling her eyes, as well as employment actions such as requiring Plaintiff to provide mitigation plans when she asked for time off can cancelling Plaintiff's attendance at classes.

4.17 During November of 2015, the ergonomic equipment that Plaintiff had been given as part of her reasonable accommodation failed and needed to be replaced.

4.18 Plaintiff's requests to her supervisors for compliance with the reasonable accommodation agreement went unanswered.

4.19 In 2015, Plaintiff brought a complaint to the Defendant's EEO supervisor, Mr. Kirkpatrick,

who was responsible for administering her reasonable accommodations case. She explained to him that her supervisors were not implementing the accommodation and were subjecting her to a hostile work environment based on her disability and in retaliation for her use of the EEO process to obtain accommodations.

4.20 Mr. Kirkpatrick assured Plaintiff that he would take some action, but instead, left his position with no action on her complaints.

4.21 After the meeting with Mr. Kirkpatrick failed to bear fruit, Plaintiff met with Ms. Herbig, the Defendant's Human Resources employee, in 2015, reporting the hostile work environment, her supervisor's refusal to work with her to provide the reasonable accommodations, and asking her to intervene and help get the software and ergonomic accommodations set up in Plaintiff's work station.

4.22 In December of 2015, Defendant agreed to interim reasonable accommodations (giving her work which did not require her to use a computer), meant to give Plaintiff relief while the Defendant replaced the failed accommodations.

4.23 In December of 2015, Plaintiff's supervisor, Ms. Pratt, continued to ignore the reasonable accommodations that Plaintiff had been granted by refusing to assign light duty which would decrease the use of Plaintiff's right hand, failing to supply the Plaintiff with the ergonomic equipment that she was supposed to have per the reasonable accommodations agreement, and ignoring Plaintiff's reports that the software she was using was not working.

4.24 In February of 2016, Plaintiff met with Captain Kenney, an upper level manager, and reported that she was being subjected to harassment based on her disability by Mitchell and Pratt, and that her supervisors were interfering with and filing to carry out her reasonable accommodations.

4.25 After Plaintiff's meeting with Captain Kenney, the Defendant failed to take any effective remedial measures to address Plaintiff's complaints of discrimination, retaliation, harassment, and failure to accommodate her and the violations continued.

4.26 Plaintiff had a second meeting with Captain Kenney to renew her complaints and inform him that there had been no change.

4.27 As a result Defendant's delay, for months, in obtaining the ergonomic accommodations for Plaintiff and requiring Plaintiff to continue to work in violation of an interim reasonable accommodations agreement, plaintiff suffered serve emotional distress and physical injury.

4.28 Plaintiff made an EEO complaint, alleging wrongful denial of a reasonable accommodation.

4.29 In August of 2016, Defendant retaliated against the Plaintiff by denying her requested for part time work after she returned from a pregnancy leave.

## V. FOR A FIRST CAUSE OF ACTION
## DENIAL OF REASONABLE ACCOMODATION
### In violation of the Rehabilitation Act of 1973

5.1 The Defendant is an employer subject to the requirements and prohibitions set forth in the Rehabilitation Act of 1973.

5.2 The Plaintiff is a qualified individual with a disability, as defined under the Rehabilitation Act of 1973.

5.3 Plaintiff requested reasonable accommodations in 2012.

5.4 Defendant agreed to provide Plaintiff with a list of accommodations and the list was put into writing.

5.5 The reasonable accommodations that the Defendant agreed to provide to Plaintiff included provision of an ergonomic keyboard and mouse for computer use and implementation of voice activated software for the computer.

5.6  In November of 2015, the reasonable accommodation equipment failed and needed to be replaced.

5.7  From November 16, 2015 through December 8, 2015, Defendant failed to provide Plaintiff with the reasonable accommodations that it had agreed were necessary for her to perform her job and failed to replace the accommodations when they malfunctioned.

5.8  Defendant granted Plaintiff interim reasonable accommodations in December of 2015 intended to be in place until the Defendant could provide the original reasonable accommodations.

5.9  Defendant failed to provide Plaintiff with the interim reasonable accommodations from December 14, 2015 to February 11, 2016.

5.10  Defendant then failed to provide Plaintiff with the reasonable accommodations agreed upon between March 1, 2016 and April 18, 2016.

5.11  As a result of the Defendant's failure to provide plaintiff with reasonable accommodations, Plaintiff was injured and subjected to emotional distress.

### VI. FOR A SECOND CAUSE OF ACTION
### RETALIATION/ HOSTILE WORK ENVIRONMENT BASED ON DISABILITY
### In violation of the Rehabilitation Act of 1973

6.1  Sections I through VI are hereby incorporated, verbatim.

6.2  Plaintiff engaged in protected acts when she:

a) Requested reasonable accommodations from the Defendant;

b) Reported a wrongful denial of reasonable accommodations to the Defendant;

c) Reported that she was being subjected to a hostile work environment based on retaliation for her using the reasonable accommodation process and on her status as a person with a disability.

AMENDED COMPLAINT - 7

GSJONES LAW GROUP, P.S.
1155 BETHEL AVE.
PORT ORCHARD, WA 98366
360-876-9221

6.3   Defendant took adverse employment actions against the Plaintiff by:

a)   Subjecting her to a hostile work environment and harassment;

b)   Denying Plaintiff a certification that she needed in order to do her job;

c)   Refusing to abide by reasonable accommodations upon which the defendant had agreed;

d)   Refusing to grant Plaintiff's request for part time work in August of 2016.

6.4   Defendant took adverse employment actions against the Plaintiff in retaliation for Plaintiff's having engaged in reporting and opposition activities protected under the Rehabilitation Act of 1973.

6.5   As a direct and proximate result of Defendant's unlawful retaliation against the Plaintiff, the Plaintiff has:

a)   Incurred financial losses;

b)   Suffered severe emotional distress and physical symptoms therefrom;

c)   Incurred attorney's fees and costs of this action;

d)   Suffered personal injury.

## VII. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against the Defendant, for all damages, reasonable attorney's fees and costs and equitable remedies set forth in this complaint and/or allowed, provided for or permitted by the common law, statutory law, by the Rehabilitation Act of 1973 in such an amount as shall be determined by the finder of fact under the evidence presented at trial.

May 17, 2019

*s/Chalmers C. Johnson*_____
CHALMERS C. JOHNSON, WSBA #40180

AMENDED COMPLAINT - 8

**GSJONES LAW GROUP, P.S.**
1155 BETHEL AVE.
PORT ORCHARD, WA 98366
360-876-9221